Brian M. Heit, Esq., SBN 302474
Brandon M. Banks, Esq. SBN 314667
HEIT LAW GROUP, P.C.
340 South Lemon Avenue, Suite 8933
Walnut, CA 91789
Telephone (310) 744-5227
 Facsimile (850) 254-1950
Email Brian@heitlawgroup.com
Email Brandon@heitlawgroup.com
*Attorney for Plaintiff, Francisco Calonge*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CALONGE, individually and as the Successor-in-Interest to FRANCIS CALONGE, deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive,<br><br>    Defendants. | Case Number:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FRANCISCO CALONGE, individually and as the Successor-in-Interest to THE ESTATE OF FRANCIS CALONGE, ("Plaintiff") hereby complains against CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive ("Defendants") and alleges as follows:

/ / /

/ / /

## INTRODUCTION

On October 31, 2019, FRANISCO CALONGE'S son, FRANCIS CALONGE ("DECEDENT") was followed by and fatally shot by Defendant, EDWARD CABRONI ("Officer Cabroni") employee of the San Jose Police Department. On October 30, 2019 the San Jose Police Department was alerted by CALONGE'S family that he was missing, mentally unstable, and required psychiatric services. Despite being on notice of Decedent's mental health condition, Officer Cabroni stalked Decedent like prey, following him while Decedent walked away from Officer Cabroni never once brandishing a weapon or making any threatening gestures towards the officers, leaning against a tree to balance and aiming at Decedent who was over one-hundred (100) feet away, telling his fellow officers to get out of the way, and finally shooting Decedent with an AR-15 (an assault rifle) from and killing him. Officer Cabroni did not fear for his life and brazenly shot Decedent without any de-escalation or any other intervention before he took Decedent's life.

## PARTIES

1. At all relevant times, Decedent FRANCIS CALONGE ("Decedent"), was an individual residing in the City of San Jose, California.

2. Plaintiff, FRANCISCO CALONGE ("CALONGE"), individually and as the successor-in-interest to FRANCIS CALONGE, is domiciled in and was a citizen of the State of California during relevant time periods residing in San Jose, California and is the biological father of Decedent.

3. Defendant, CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, with the capacity to sue and be sued. The CITY OF SAN JOSE is a Charter City under the laws of the State of California. The department of the CITY OF SAN JOSE includes the San Jose Police Department. Employees of the CITY OF SAN JOSE, have engaged in acts complained of herein pursuant to the policies, practices, and customs of the CITY OF SAN JOSE.

4. Defendant, EDWARD CABRONI, an individual, based on information and belief, is domiciled in and was a citizen of the State of California during relevant time periods and is a police officer for the San Jose Police Department.

5. Each of the Defendants, their employees and agents, participated personally in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiff. Each acted in concert with each other. The challenged acts caused the violation of the deceased's rights.

## GENERAL ALLEGATIONS

6. On October 31, 2019, FRANISCO CALONGE'S son, FRANCIS CALONGE was fatally shot by Officer Carbroni an employee of the San Jose Police Department ("SJPD").

7. On October 30, 2019 the San Jose Police Department was alerted by Decedent's family that he was missing, mentally unstable, and required psychiatric services.

8. When SJPD received a call about a "man with a gun," matching Decedent's description, SJPD did not contact a crisis team to assess Decedent's state of mind.

9. On the contrary, Officer Cabroni and other SJPD Officers engaged Decedent immediately yelling instructions to "drop it" (the alleged weapon).

10. Decedent made attempt to communicate with SJPD Officers but was ignored.

11. Within minutes of encountering members of the San Jose Police Department, police fatally shot DECEDENT.

12. Within those short minutes, San Jose Police Department personnel failed to assess Decedent's mental fitness, nor ascertain whether the object he was holding in his hands was lethal or whether Decedent intended to use the alleged weapon.

13. EDWARD CABRONI, a San Jose Police Department officer who shot Decedent, was previously investigated in another fatal officer-involved shooting.

14. San Jose Police Department Chief, Eddie Garcia, has made public claims that Decedent was suicidal and intended to be shot by the police.

15. This statement is evidence that San Jose Police Department were on notice that DECDENT required mental health care.

16. DECEDENT was unmarried and without issue at the time of his death, leaving his father, FRANCISCO CALONGE, as his successor in interest pursuant to CCP §377.60.

17. Plaintiff is informed and believes, and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1- 20, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

18. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate

managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

### **RESPONDEAT SUPERIOR**

19.     Based upon information and belief, Plaintiff alleges that with respect to Defendants, and each of them, that their capacity is, or may be, that of an employer/employee in relation to the entity Defendant CITY OF SAN JOSE, for which they acted within their capacity and scope as an employee of that corporation or business entity.

20.     As a result of the tortious conduct perpetrated by Defendant(s)' employee, such employee was acting within the scope of his employment duties and their tortious conduct was therefore imputable to the corporation or business entity Defendant under the doctrine of respondeat superior.

21.     At the time of the tortious conduct that injured the Plaintiff and DECEDENT, that was committed by the corporation or business entity Defendant(s)' employee, such employee was acting within the scope of their apparent authority, such that the Plaintiff and DECEDENT were justified in relying on the appearance of authority respecting the employee's actions. Such tortious conduct was therefore imputable to the corporation or business entity Defendant(s) under the doctrine of respondeat superior.

22.     The tortious conduct that was committed by the corporation or business entity Defendant(s)' employee and which injured the Plaintiff and DECEDENT as described herein, was authorized or approved in advance by the corporation or business entity Defendant(s), and thus, such tortious conduct is imputable to the corporation or business entity Defendant(s) under the doctrine of respondeat superior.

23.     The tortious conduct that was committed by the corporation or business entity Defendant(s)'employee and which injured the Plaintiff and DECEDENT as described herein, subsequently ratified by Defendant(s), and thus, such tortious conduct

is imputable to Defendant(s) the corporation or business entity under the doctrine of respondeat superior.

## JURISDICTION AND VENUE

24. This case concerns issues arising from California state law and the laws of the United States. Thus, pursuant to 28 U.S.C. § 1331 and 1343 this Court has jurisdiction over this matter.

25. Since the events giving rise to this action took place in San Jose, California, the Northern District of California is the proper venue pursuant to 28 U.S.C. § 1391(b).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

(*Against All Defendants*)

26. Plaintiff refers to and incorporates by reference paragraphs 1 through 24 above, inclusive, as though set forth in full herein, and alleges this First Cause of Action for Excessive Force (Fourth Amendment and 42 U.S.C. § 1983) as against Defendants CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive as follows:

27. Defendants used excessive force against Decedent, when they shot him. The unjustified shooting of Decedent by Defendants denied Decedent of his Fourth Amendment rights guaranteed by the United States Constitution, and applied to state actors pursuant to the Fourteenth Amendment, to be secure in his person against unreasonable searches and seizures

28. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.

29. EDWARD CABRONI'S conduct was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of Decedent, warranting exemplarity and punitive damages.

30. The Defendants' conduct was excessive and unreasonable when they used deadly force against Decedent, who posed no immediate threat of death or serious bodily injury when Defendant shot him.

31. CITY OF SAN JOSE is vicariously liable for the wrongful acts of EDWARD CABRONI pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

32. Plaintiff brings this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages.

## SECOND CAUSE OF ACTION

### Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)

(*Against All Defendants*)

33. Plaintiff refers to and incorporates by reference paragraphs 1 through 32 above, inclusive, as though set forth in full herein, and alleges this Second Cause of Action for Violation of Substantive Due Process (Fourteenth Amendment and 42 U.S.C. § 1983) as against Defendants CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive as follows:

34. Defendants' conduct violated Plaintiff, CALONGE'S, cognizable interest guaranteed by the Fourteenth Amendment of the United States to be free from state actions that deprive him of life, liberty, or property as to shock the conscience. This includes, like here, state interference into a person's familial relationship with their son.

35. Defendants' conduct further violated Decedent's cognizable interest guaranteed by the Fourteenth Amendment of the United States to be free from state actions that deprive him of life, liberty, or property as to shock the conscience.

36. EDWARD CABRONI'S unwarranted, deadly shooting shocks the conscience since Defendants had knowledge of Decedent's mental health issues, prior to shooting Decedent with an indifference to his Constitutional rights and with the intent to harm him unrelated to any law enforcement objective.

37. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.

38. Defendants' actions ultimately led to Decedent's death, directly violating Plaintiff's substantive due process rights to be free from unwarranted interference with his familial relationship with Decedent.

39. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff has suffered emotional distress, mental anguish, and pain. Further, Plaintiff will be deprived of the life-long love, companionship, comfort, society, and sustenance of Decedent, and will be continued to be deprived for the remainder of Plaintiff's life.

40. The Defendants' conduct was excessive and unreasonable when they used deadly force against Decedent, who posed no immediate threat of death or serious bodily injury when Defendant shot him.

41. CITY OF SAN JOSE is vicariously liable for the wrongful acts of EDWARD CABRONI pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

42. Plaintiff brings this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages.

## THIRD CAUSE OF ACTION

### Battery – Wrongful Death

(*Against All Defendants*)

43. Plaintiff refers to and incorporates by reference paragraphs 1 through 42 above, inclusive, as though set forth in full herein, and alleges this Third Cause of Action for Battery (Wrongful Death) as against Defendants CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive as follows:

44. EDWARD CABRONI, while on the clock as a police officer for the CITY OF SAN JOSE, acting within the course and scope of his duties intentionally shot Decedent. EDWARD CABRONI had no legal justification to use such excessive force against Decedent, as the EDWARD CABRONI'S shot ultimately killed Decedent.

45. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Further, Plaintiff has suffered emotional distress, mental anguish, and pain. Consequently, Plaintiff will be deprived of the life-long love, companionship, comfort, society, and sustenance of Decedent, and will be continued to be deprived for the remainder of Plaintiff's life.

46. CITY OF SAN JOSE is vicariously liable for the wrongful acts of EDWARD CABRONI pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

47. EDWARD CABRONI'S conduct was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of Decedent, warranting exemplarity and punitive damages.

48. Plaintiff brings this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages.

9
COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

### Negligence—Wrongful Death

(*Against All Defendants*)

49. Plaintiff refers to and incorporates by reference paragraphs 1 through 48 above, inclusive, as though set forth in full herein, and alleges this Fourth Cause of Action for Negligence (Wrongful Death) as against Defendants CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive as follows:

50. Defendants have a duty to use reasonable care to prevent harm or injury to others. This includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, unless less than lethal options, only using deadly force as a last resort.

51. Defendant, here, breached that duty, when Defendant failed to attempt to de-escalate the situation, and decided to shoot Decedent, despite the fact that they were aware of his mental health conditions. Additionally, Decedent did not pose an imminent danger to Defendant, showing the unreasonableness in Defendant's decision to intentionally shoot and kill Decedent.

52. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Further, Plaintiff has suffered emotional distress, mental anguish, and pain. Consequently, Plaintiff will be deprived of the life-long love, companionship, comfort, society, and sustenance of Decedent, and will be continued to be deprived for the remainder of Plaintiff's life.

53. CITY OF SAN JOSE is vicariously liable for the wrongful acts of EDWARD CABRONI pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

54. Plaintiff brings this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages.

### FIFTH CAUSE OF ACTION

### Violation of California Civil Code § 52.1

(*Against All Defendants*)

55. Plaintiff refers to and incorporates by reference paragraphs 1 through 48 above, inclusive, as though set forth in full herein, and alleges this Fifth Cause of Action for Violation of Section 152 of the California Civil Code against Defendants CITY OF SAN JOSE, a Municipal Corporation organized under the laws of the State of California, EDWARD CABRONI, an individual, and DOES 1-20, inclusive as follows:

56. Based on information and belief, when Defendant shot Decedent and killed him, Defendant attempted to and did interfere by threat, intimidation, or coercion, with the exercise of the right to due process, to be free from state actions that shock the conscience, and to life, liberty, and property.

57. Based on information and belief, Defendant intentionally deprived Decedent from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was entitled to.

58. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Further, Plaintiff has suffered emotional distress, mental anguish, and pain. Consequently, Plaintiff will be deprived of the life-long love, companionship, comfort, society, and sustenance of Decedent, and will be continued to be deprived for the remainder of Plaintiff's life.

59. EDWARD CABRONI'S conduct was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of Decedent, warranting exemplarity and punitive damages.

60. CITY OF SAN JOSE is vicariously liable for the wrongful acts of EDWARD CABRONI pursuant to section 815.2 of the California Government Code,

which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. Plaintiff brings this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages and attorney's fees.

## PRAYER FOR RELIEF

The Plaintiff hereby prays for judgment against Defendants the CITY OF SAN JOSE, EDWARD CABRONI, and DOES 1-20 inclusive, and each of them, as follows:

    A.    For compensatory damages, in an amount according to proof;
    B.    For punitive damages, in an amount according to proof;
    C.    For statutory damages, in an amount according to proof;
    D.    For interests;
    E.    For reasonable attorneys' fees;
    F.    For costs of suits; and
    G.    For any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

The Plaintiff FRANCISCO CALONGE hereby demands a trial by jury in this matter.

Dated: January 6, 2021                            **HEIT LAW GROUP, P.C.**

By: *BMB*
       Brandon M. Banks, Esq.
       *Attorney for Plaintiff,*
       *Francisco Calonge*

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FRANCISCO CALONGE, individually and as the Successor-in-Interest to FRANCIS CALONGE, deceased,

### DEFENDANTS
CITY OF SAN JOSE, a Municipal Corporation etc.; EDWARD CABRONI, an individual,

**(b)** County of Residence of First Listed Plaintiff: SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: SAN JOSE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Heit, HEIT LAW GROUP, P.C. 340 South Lemon Avenue, Suite 8933 Walnut, CA 91789, Telephone (310) 744-5227

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 740 Railway Labor Act | 835 Patent–Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | 790 Other Labor Litigation | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | **IMMIGRATION** | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury –Medical Malpractice / 385 Property Damage Product Liability | 462 Naturalization Application | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 465 Other Immigration Actions | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | [x] 440 Other Civil Rights / **HABEAS CORPUS** | | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 445 Amer. w/Disabilities–Employment / 535 Death Penalty | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other / **OTHER** | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 448 Education / 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Officer involved shooting -- excessive force

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*
JUDGE:
DOCKET NUMBER:

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE
- [ ] EUREKA-MCKINLEYVILLE

DATE: 01/06/2021
SIGNATURE OF ATTORNEY OF RECORD: Barndon M. Banks, Esq.

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1) United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2) United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3) Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4) Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

(1) Original Proceedings. Cases originating in the United States district courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6) Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8) Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.